UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMINE MANSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-03946 (UNA) |
| ) | |
| UNITED STATES GOVERNMENT *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.[1]

Plaintiff, a resident of Kasserine, Tunisia, alleges that "[b]eginning around 2012 and continuing to present," Plaintiff has been the "victim of a systematic, extraterritorial, and violent persecution" orchestrated by the United States government. Specifically, Plaintiff is "subject to a campaign of relentless surveillance and physical harm facilitated by U.S. military satellites [and] executed with military-grade equipment and satellite technology[.]" Compl., ECF No. 1 at 4-5. As a result, Plaintiff has endured "continuous mental and physical torture" that has forced Plaintiff "to seek safety by fleeing from one city to another and, finally, leaving the United States[.]" *Id*. at 5. "Yet, the perpetrators have tracked [Plaintiff] relentlessly . . . from San Francisco to New York, then to Florida, and even across international borders to Tunisia." *Id*. Plaintiff asserts that the

---

[1] Plaintiff's Motion for a Temporary Restraining Order, ECF No. 3, will be denied as moot. *See American Foreign Service Association v. Trump*, 766 F. Supp. 3d 25, 28 (D.D.C. 2025) ("To obtain a TRO, the moving party must show, among other factors, "a substantial likelihood of success on the merits") (cleaned up)).

alleged misconduct "constitute[s] a grave violation" of "the Military Extraterritorial Jurisdiction Act (MEJA) and other relevant statutes." *Id*.

MEJA is a criminal statute applicable to "Criminal offenses committed by certain members of the Armed Forces and by persons employed by or accompanying the Armed Forces outside the United States." 18 U.S.C. § 3261. Plaintiff has not cited a provision under the Act that creates "a concomitant civil remedy," and a "bare criminal statute . . . is insufficient to imply" that Congress intended one. *Lee v. United States Agency for International Development*, 859 F.3d 74, 77-78 (D.C. Cir. 2017); *see Adhikari v. Kellogg Brown & Root, Incorporated*, 845 F.3d 184, 206 (5th Cir. 2017) (declining "to find that MEJA's grant of criminal jurisdiction over felony offenses committed abroad gives Plaintiffs an alternative jurisdictional basis for their civil claims"). What's more, Plaintiff's factual allegations "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint, as here, lacking "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and "postulating events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981), is a frivolous action properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). A separate order accompanies this Memorandum Opinion.

Date: December 1, 2025

TREVOR N. McFADDEN
United States District Judge